# IN RE BUSH.

### PATENTS; PATENTABILITY.

1. The construction of parts integral, instead of by riveting, welding, or otherwise fastening them together, does not amount to invention, especially where the only object is to secure strength.

2. In determining the patentability of claims of a reissue application for a patent for a yoke for draft gearing, "comprising top and bottom members separated to permit the lateral insertion of draft gearing between them, a rear end, and a forward hooded end, the latter constructed to receive the butt end of an ordinary coupler and provided with aligned horizontal openings adapted to receive a key for securing a coupler butt in the hooded end, substantially as set forth," the decision of the court in 136 C. C. A. 134, holding invalid claim 1 of the original patent, reading: "A yoke for draft gearing, comprising top and bottom members, rear end, and hooded forward end, constructed to receive a coupler, and all cast integral, and means for securing a coupler in the hooded end of the yoke,"—was reviewed and followed, and it was *held* that the addition in the appealed claims of the slot and key for connecting the hooded end of the yoke with the coupler did not constitute invention, as such connection was shown to be old by references cited.

No. 1042. Patent Appeals. Submitted January 8, 1917. Decided February 5, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting claims of a reissue application for a patent. *Affirmed.*

The facts are stated in the opinion.

*Mr. A. W. Bright* and *Mr. John P. Bartlett* for the appellant.

*Mr. Wm. R. Ballard* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal by Samuel P. Bush is from a decision of the Commissioner of Patents rejecting four claims of a reissue application, of which claim 1 is illustrative: "1. A yoke for draft gearing, comprising top and bottom members separated to permit the lateral insertion of draft gearing between them, a rear end, and a forward hooded end, the latter constructed to receive the butt end of an ordinary coupler and provided with aligned horizontal openings adapted to receive a key for securing a coupler butt in the hooded end, substantially as set forth."

In the case of *Universal Draft Gear Co.* v. *Bush,* 136 C. C. A. 134, 220 Fed. 300, the court held claim 1 of the original patent invalid in view of the prior art as disclosed in a number of patents cited as references. Claim 1 of the patent reads as follows: "1. A yoke for draft gearing, comprising top and bottom members, rear end, and hooded forward end, constructed to receive a coupler, and all cast integral, and means for securing a coupler in the hooded end of the yoke."

It will be observed that the only material difference between the above claim and the claims here in issue is that the appealed claims specify a slot and key for connecting the hooded end of the yoke with the coupler, while the invalid claim merely specified "means for securing" a coupler to a hooded end. Testimony was taken in the case before the circuit court of appeals, and the decision which we have reviewed with care is convincing. The court held the casting of the hood and yoke as an integral part did not involve invention, in view of a prior patent to Hickey and Wickens, No. 777,785, which was held to anticipate "every element of claim 1 in structure and function, except that it is not 'all cast integral,' but shows a two-part structure united by rivets. As conceded by the patentee, as a witness, it could obviously have been cast in one piece without riveting." It is elementary that the construction of parts integral, instead of by riveting, welding, or otherwise fastening them together, does not amount to invention. Especially is that true where the only object, as here, is to secure increased strength.

The court also held that the adaptation of appellant's device for use with an ordinary drawbar and the use of the yoke type, instead of the tail bolt or casting type, of draft gear, does not involve invention. But it is urged that the use of key slots, by means of which the yoke and coupler are fastened together, involves invention. The Examiner disposed of this contention to our satisfaction, as follows: "This is not considered to involve invention, as such form of connection is shown to be old by the several references cited. It might be held that the claims are not patentable over Hickey et al. of record, as it is not invention to cast the yoke and hood as an integral device  *  *  *. This patent shows the key connection between the hood and coupler, and the change in form and proportion of the coupler so as to comply with the term 'ordinary' would not involve invention, or be within the terms of applicant's invention."

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                    *Affirmed.*